UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARL ARNAUD (#363954)

VERSUS

DARRYL VANNOY, ET AL.

CIVIL ACTION

NO. 17-37-JWD-RLB

**ORDER**

Before this Court is a petition for a writ of habeas corpus filed on behalf of Carl Arnaud (R. Doc. 1). The District Attorney for the Eighteenth Judicial District was previously ordered to file a response to the petition, with said response including a statement as to the timeliness of the petition. *See* R. Doc. 4. The District Attorney has filed a Response (R. Doc. 8) which raises questions as to the timeliness of the petition, but not does directly address the issue.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be

"pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo*, *supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. *See* Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the pendency of

an untimely writ application in the Louisiana Supreme Court does not interrupt the running of the limitations period. *Williams v. Cain*, *supra*.

Based on the record before the Court, the Court is unable to determine if the petition is timely. Accordingly,

**IT IS ORDERED** that the District Attorney for the Eighteenth Judicial District for the Parish of Iberville, State of Louisiana, shall file a supplemental response to the petition together with a memorandum of legal authorities in support of said response within **thirty (30) days** of the date of service of this Order. The District Attorney's supplemental response to the application shall state whether the petition is timely under 28 U.S.C. § 2244(d)(1), and state the number of days of un-tolled time elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts, and when such periods occurred. In the event that the District Attorney contends that the petitioner's claim(s) are untimely, the District Attorney shall file along with said response any and all evidentiary materials necessary to support such contention, including copies of all briefs, memoranda, orders, dispositions or other documentation filed in connection with any appeal or application for post-conviction relief presented to any and all state district and appellate courts.

**IT IS FURTHER ORDERED** that the petitioner shall have **fourteen (14) days** from the filing of the District Attorney's supplemental response to file a response thereto, if the petitioner wishes to do so.

Signed in Baton Rouge, Louisiana, on February 9, 2018.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**