UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARL ARNAUD (#363954)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 17-37-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 1, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARL ARNAUD (#363954)**

**VERSUS**

**DARREL VANNOY, ET AL.**

CIVIL ACTION

NO. 17-37-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's Motion to Stay and Abate Federal Proceedings to Allow Exhaustion in State Court (R. Doc. #22). The state has not filed an opposition.

The petitioner, Carl Arnaud, challenges his conviction, entered in 2011 in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on one count of second degree murder and one count of principal to second degree murder. The petitioner contends that: (1) the state court erred in failing to conduct an evidentiary hearing, (2) he received ineffective assistance of counsel due to trial counsel's failure to object to testimony by the state's expert, (3) he received ineffective assistance of counsel from appellate counsel due to appellate counsel's failure to assign a witness sequestration violation as error on appeal, (4) he was denied due process because the state knowingly solicited perjured testimony from an expert witness, (5) he received ineffective assistance of counsel because trial counsel stipulated that the state's forensic pathologist was an expert, and (6) he received ineffective assistance of counsel because trial counsel failed to object to *Batson* violations.

### Procedural History

After a trial by jury conducted in August of 2011, the petitioner was found guilty of second degree murder, and on October 31, 2011 the petitioner was sentenced to life

imprisonment at hard labor without benefit of probation or suspension of sentence with credit for time served. The petitioner thereafter appealed his conviction, asserting as error that the trial court denied his motion for a mistrial, the state made a substantive amendment to the indictment after the trial began, "other crimes" evidence was improperly admitted at trial, and the evidence was insufficient to support his conviction. On January 23, 2013, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit (R. Doc. #1-3). The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on September 20, 2013. (R. Doc. #1-3).

On or about July 15, 2014, the petitioner filed an application for post-conviction relief in the state district court, asserting several claims of ineffective assistance of counsel and a due process violation. Pursuant to an Order dated May 20, 2015, the petitioner's application was denied in the trial court. The petitioner's requests for review of the denial of his application for post-conviction relief, were denied on August 21, 2015 and October 17, 2016, respectively (R. Doc. 1-2).

On or about February 14, 2017, the petitioner filed the instant application for habeas corpus relief in this Court. On June 25, 2019, the petitioner filed a Motion for Stay and Abeyance (R. Doc. 22). The petitioner seeks to amend his habeas petition and assert a previously unexhausted equal protection claim regarding the racial impact of non-unanimous juries. The petitioner asserts that he has filed a second post-conviction application with the Eighteenth Judicial District Court on this issue, which is currently pending. For the reasons set forth below, the petitioner's Motion for Stay and Abeyance should be denied.

**Legal Standard**

One of the threshold requirements for a federal habeas corpus application under § 2254 is that, subject to certain exceptions, a petitioner must have first exhausted in state court all of his claims before presenting them for review before the federal district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State.) The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim—the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Notwithstanding the foregoing, in *Rhines v. Weber*, 544 U.S. 269, (2005), the Supreme Court created an exception to *Lundy* under certain circumstances for "mixed" petitions, *i.e.*, for those petitions presenting both exhausted and unexhausted claims. In *Rhines*, the Supreme Court held that, when appropriate, a district court has discretion to stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* The Court was concerned, however, that a liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276-78. Therefore, *Rhines* declared that a district court should grant a stay and abeyance only in limited circumstances where: (1) a petitioner is able to show good cause for his failure to first exhaust his claims in state court, (2) his unexhausted claims are potentially

meritorious, and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* As stated in *Rhines*, relative to the first requirement:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines ADEPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

544 U.S. at 277. Neither the United States Supreme Court nor the United States Court of Appeal for the Fifth Circuit has clearly articulated the standard that should be applied in determining whether good cause exists in this context. *See Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2011). "However, good cause clearly requires more than merely a good excuse, because the Supreme Court did not intend to grant unbridled discretion to stay and abate." *Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2008), *Magistrate Judge' Recommendation adopted in pertinent part*, 2011 WL 754885 (S.D. Tex. Feb. 23, 2011). *See also Ruiz v. Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007) (finding that the Supreme Court intended for "good cause" to be based on "equitable" considerations).

Here, the petitioner has not sought leave to amend his petition to assert the unexhausted equal protection claim regarding the racial impact of non-unanimous juries. As the petitioner's February 14, 2017 habeas application now stands, he has met the total exhaustion requirement because all claims are exhausted or technically exhausted.[1] Furthermore, the petitioner has not sought leave to amend his initial February 14, 2017 habeas application to include this new equal

---

[1] See exhaustion discussion in R. Doc. 27.

protection claim. Even if the Court were to construe the petitioner's Motion for Stay and Abeyance as a motion to amend and grant the amendment, a stay and abeyance would not be granted. As to the *Rhines* "good cause" requirement, petitioner merely makes the assertion that "the facts [upon which his second PCR application is based] only [just] became known to petitioner and his trial counsel" (R. Doc. 2). The petitioner's bald assertion that he could not have previously asserted his equal protection claim does not constitute good cause sufficient to grant a stay and abeyance. Accordingly, even if the Court were to construe the petitioner's motion as a request to amend his petition and grant same, the Court would be required to dismiss the petitioner's entire habeas petition as a "mixed" petition under *Lundy*.

## **RECOMMENDATION**

It is recommended that the petitioner's Motion for Stay and Abeyance be denied.

Signed in Baton Rouge, Louisiana, on October 1, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**